Chief Judge Desmond
(dissenting). Neither MVAIC nor the New York State public policy represented thereby has anything to do with this ease. The MVAIC statutes (Insurance Law, art. 17-a, § 167, subd. 2-a) and automobile liability policy endorsements issued pursuant thereto are all expressly limited to accidents “ occurring in this state ”. This accident occurred in South Carolina.
Appellants Polchlopek are making claim not under MVAIC law or the MVAIC provision of an insurance policy but under *383 the simple, plain language of the “ Family Protection ” endorsement on the automobile liability policy issued to appellant Ches-ter Polehlopek by respondent Vanguard Insurance Company. By that endorsement Vanguard agreed to pay damages sustained in an automobile accident by the named insured and other persons occupying the insured automobile, up to $10,000 per person, but only if the injuries should be sustained in an accident involving physical contact with an ‘ ‘ uninsured automobile ’ ’ ora“ hit and run automobile ”. No “ hit and run ” automobile was involved in the Polehlopek accident, and the automobile with which the Polehlopek car collided was not ‘ ‘ uninsured ’ ’ but, unquestionably, insured against liability at the time of the accident through a policy issued by Glens Falls Insurance Company. The Polehlopeks nonetheless are arguing that the other automobile was “ uninsured ” because, although the Glens Falls automobile policy on the other car was in full force and effect at the time of the accident, the insurer Glens Falls, 16 months after the accident, disclaimed liability on the ground that its insured had failed to co-operate. That argument cannot possibly be accepted. The Vanguard Family Protection endorsement on which the Polehlopeks are claiming says in words too clear for construction that “ uninsured automobile ” in the endorsement means: “an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable' at the time of the accident”. The automobile which collided with the Polehlopek car was — and nobody denies the fact — insured at the time of the accident as to liability by the Glens Falls policy. The fact that Glens Falls long afterwards, and because of facts occurring long after the accident, disclaimed liability on its policy cannot change the simple fact that the Polehlopek car was not in collision with an ‘ ‘ uninsured automobile ’ ’.
The order should be affirmed, with costs.
Judges Fulo, VaN Vooehis and Keatikg concur with Judge Scileppi ; Chief Judge Desmohd dissents and votes to affirm in an opinion in which Judges Burke and Bergapt concur.
Order of Appellate Division reversed and that of Special Term reinstated, without costs.